IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:08CR132 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| JAMES EDWARD GREER, | |
| Defendant. | |

This matter is before the court on defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 123. Defendant was convicted of unlawful possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant argues that his attorney was ineffective for (1) failing to notice and obtain impeachment evidence, (2) failing to argue that the search in this case exceeded defendant's consent, and (3) for failing to call witnesses regarding (1) and (2) above.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal as of right. *See Gideon v. Wainwright*, 372 U.S. 335, 344

(1963); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal as of right). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690). The Eighth Circuit has "consistently held that a reasoned decision not to call a witness

'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" *Id.* (quoting [United States v. Staples, 410 F.3d 484, 488-89 (8th Cir. 2005)](#)). Also, counsel is not necessarily ineffective for failing to raise an argument that may have had merit but was a wholly novel claim at the time. *See* [King, 595 F.3d at 853](#); [Alaniz, 351 F.3d at 368](#) (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal).

To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." [Christenson v. Ault, 598 F.3d 990, 996 (2010)](#). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. [King, 595 F.3d at 852-53](#). "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." [Alaniz, 351 F.3d at 368](#); *see also* [United States v. Spigner, 416 F.3d 708, 711 (8th Cir. 2005)](#); [King, 595 F.3d at 853-54](#).

## DISCUSSION

Defendant was in a house in Omaha, when Officers Joseph Baudler and Nicholas Muller approached the door on the front porch of a house. The officers had received previous information that a fugitive was in the house. They also heard that defendant and his brother were selling drugs from this residence. The officers indicated that as they approached the door they smelled marijuana. They knocked on the door and recognized the fugitive, Annette Smiley, seated on the couch. The officers entered

3

the premises and arrested Smiley. The officers noticed a burnt marijuana cigarette sitting in the ashtray of the living room. The officers asked for consent to search, received the consent, and defendant signed a consent form. During the search, the officers found a .38 caliber revolver, .38 caliber ammunition, hydrocodone pills, and .22 ammunition.

A jury returned a guilty verdict. The court sentenced Greer to 188 months of imprisonment. Defendant appealed to the Eighth Circuit on the grounds that the firearm and other evidence seized at the house should have been suppressed. The Eighth Circuit determined that the initial entry into the home was unlawful, as there was no warrant and no permission to enter the home. However, the Eighth Circuit also determined that the consent to search was a voluntary and independent act of free will.

### A.  *Impeachment Evidence*

Defendant first argues that police stated they had a warrant for the arrest of Ms. Smiley, when in fact no such warrant existed. Defendant argues that his counsel failed to check the police reports to determine if Ms. Smiley really had an outstanding warrant, and for then failing to cross-examine Officer Baudler at the suppression hearing.

The government argues, and the court agrees, that there is no impeachment evidence regarding this issue. The evidence shows that Officer Baudler confirmed the arrest warrant for Smiley with dispatch prior to the arrest. The police report states that "Smiley was booked for her warrant." Filling No. 132-1, Government's Appendix I. The one page of the police report submitted by defendant does not have this language, but the police report in its entirety does in fact contain this statement. Accordingly, the court

4

finds there is no merit to this argument that counsel was ineffective, as there was nothing to impeach in this regard.

### B. Search Exceeded the Consent

Defendant contends that the search of the dresser drawer, coat pocket and purse all exceeded the scope of the consent and the consent form. The officers, according to defendant, told defendant they were looking for a fugitive. After entering the house and arresting Ms. Smiley, defendant alleges the officers still told him they were looking for a 6'2" male and, consequently, defendant allowed them to search. The officers claimed they smelled marijuana, saw marijuana in the ashtray, discussed it with defendant, asked to conduct a search, and received consent from the defendant. Defendant argues his counsel was ineffective for failing to appeal on the basis that all evidence should be suppressed as it exceeded the scope of the consent.

The court finds there is no valid ineffective assistance of counsel claim. Defendant signed the consent form. He did not object during the search. *See United States v. Meza-Gonzalez, 394 F.3d 587, 592 (8th Cir. 2005)* (A consensual search is objectively reasonable where an individual can see much of the progress of the search and fails to object to the search.). The court finds that law enforcement did not exceed the scope of the search, the search was valid, the Eighth Circuit determined that the search was valid, and as a result, there is no claim against counsel.

### C. Failure to Call Witnesses Regarding A and B Above

Defendant contends that counsel should have called witnesses to testify as to when he was placed in handcuffs and to testify that the officers said they were looking for a 6'2" male. Defendant argues that had his attorney properly investigated and

5

presented the issues with evidence, the suppression would have turned out differently, and he would not have been held accountable as a felon in possession.

The government points out that defendant does not name any witnesses he believes should have been called by counsel. "To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony 'would have probably changed the outcome of the trial." [Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996)](#) (quoting [Stewart v. Nix, 31 F.3d 741, 744 (8th Cir. 1994)](#)). Officer Baudler testified that he discussed the consent to search request with only Greer. Greer's brother participated at some point in this conversation with defendant. No one else was part of the consent discussion. After speaking with his brother, defendant then agreed to the search.

The officers who testified did not recall at what point defendant was handcuffed. However, Sgt. Shaffer testified that defendant was not handcuffed when he signed the consent form. Counsel did raise this issue, arguing it goes to the voluntariness of defendant's consent. This magistrate judge responded stating:

> The search, I find is totally voluntary under any circumstances in this matter. Whether or not the defendant was handcuffed would not make a difference in the Court's opinion as to the voluntariness of the -- of Mr. Greer's consent in this case. I find he voluntarily consented to the search.

Filing No. [31](#), at 101. Defendant offers no evidence that testimony from any of the witnesses would have made any difference in the outcome of this case. Further, it appears that counsel and his investigator, Mr. Jadlowski, made every effort to find Ms. Smiley, Mr. Cook, Ed Greer, Maleesha Malik, and Mr. Curtis, those witnesses involved in this case. See Filing No. [141-1](#), Affidavit of defense counsel, Shannon P. O'Connor.

6

For the most part, these witnesses were nowhere to be found. Thus, the court finds that the claim of ineffective assistance for failing to call witnesses is without merit.

The court finds no evidence that the performance of counsel fell below professional standards or that any of the alleged evidence would have made a difference in the outcome of defendant's case. Accordingly, the motion to vacate will be denied.

THEREFORE, IT IS ORDERED that defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Filing No. 123, is denied.

Dated this 19th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge